UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YEON HEE KIM, individually, and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BNP MANAGEMENT LLC dba WOORI MART and JASON PARK<br><br>　　　　　　　　　　　　Defendants, | Index No. 24-cv-5443<br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff Yeon Hee Kim ("Plaintiff"), by and through her undersigned counsel, as and for her Complaint in this action against BNP MANAGEMENT LLC doing business as Woori Mart and Jason Park alleges as follows:

### NATURE OF THE ACTION

1. This action is brought by Plaintiff Yeon Hee Kim, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 et seq., New Jersey Wage and Hour Law (NJWHL), and New Jersey Wage Payment Law ("NJWPL") arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and practices.

2. Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA, NJWHL, and NJWPL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff also brings this action for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff,

1

including its discriminatory treatment and harassment of Plaintiff due to her sex or gender and its unlawful retaliation against her after she complained about unlawful discrimination in the workplace in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d et seq.), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

6. Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

**Plaintiff Yeon Hee Kim**

7. Plaintiff Yeon Hee Kim ("Kim") is a resident of Bergen County, New Jersey. At all relevant times, Plaintiff is and has been a resident of the State of New Jersey and met the definition of an "employee" under all applicable statutes.

8. Kim was employed by Defendants as a kitchen worker at Hanchon restaurant inside of Woori Mart from or around January 30, 2024, until February 21, 2024.

**Defendants**

9. Defendant BNP MANAGEMENT LLC doing business as WOORI MART ("BML") is a New Jersey Domestic Corporation with its principal place of business at 206 Pegasus Avenue, Northvale, NJ 07647.

10. Defendant BML is engaged in the Korean Grocery Store in New Jersey. At all relevant times, BML has met the definition of an "employer" under all applicable statutes.

11. BML and Jason Park hired Plaintiff.

12. BML and Jason Park paid Plaintiff.

13. Jason Park actively managed BNL.

14. Jason Park resides in the State of New Jersey, Bergen County.

15. Jason Park acted intentionally and maliciously and is employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, and the regulations thereunder, and is jointly and severally liable with BML.

## FACTUAL ALLEGATIONS

**Unpaid Overtime Wage**

16. Plaintiff started her work at 10:30 a.m. and ended at 7:30 p.m. without any proper break for 6 days per week. She was paid $1,200.00 per week regardless of her working hours per day or a week.

17. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against Plaintiff.

18. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) her regular rate of pay for all hours worked over forty (40) in a given workweek.

19. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

20. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

21. Upon information and belief, Defendants failed to keep full and accurate records in order: to mitigate liability for their wage violations.

22. During the course of her employment with the Company, Plaintiff's position had responsibility for preparing and cooking food at the location owned and operated by Defendant BNP.

23. Defendants did not post the required New Jersey State Department of Labor posters regarding minimum wage pay rates, overtime pay, and payday.

**Sexual Harassment**

24. The Plaintiff, a heterosexual female and former employee of BNP MANAGEMENT LLC, also has a hearing and speech impairment disabilities.

25. During Plaintiff's employment at WOORI MART, Kim was subjected to sexual harassment while working at WOORI MART.

26. Plaintiff repeatedly suffered systematic discriminatory harassment by her male coworker, who would harass Plaintiff by regularly subjecting Plaintiff to inappropriate and offensive comments, touching, and conduct based on sex and/or her gender.

27. Myungbok Choi ("Choi"), a male approximately 70 years old, is employed as a chef at the Hanchon food court within Woori Mart.

28. Plaintiff commenced employment at Woori Mart on January 30, 2024.

29. Beginning shortly after Kim began working for Defendant, Choi began sexually harassing Kim at work.

30. In the small kitchen where Choi and the Plaintiff worked together, Choi repeatedly made inappropriate advances, including asking her to kiss him, particularly when he was intoxicated.

31. Plaintiff consistently and firmly rejected his requests whenever he asked.

32. Residing in Fort Lee, New Jersey, the Plaintiff's home is approximately a 30-minute distance from Woori Mart. Due to her disability, she does not possess a driver's license. Consequently, Choi provided her with a ride for her commute to work.

33. On approximately February 7, 2024, Ms. Kim and Choi were in Choi's car in the Woori Mart parking lot after work.

34. Suddenly, Choi forcefully grabbed her hand and kissed it and then he attempted to pull her closer for a kiss on her mouth. In response, she pinched his side with all her strength and pushed him to deter his advances.

35. After the incident, Ms. Kim told him that she could no longer continue working alongside him following the incident. But he just ignored her.

36. One or two days after the incident, Ms. Kim reported the incident to Mr. Park, a manager in the produce department.

37. After plaintiff reported the incident to Park, there was a noticeable shift in the attitude of Woori Mart employees towards her. When she needed to get ingredients from the grocery for the kitchen, cashiers directed her to refrain from using shopping bags and instead carry the

items visibly by hand. Upon inquiring about the reason for this change, they cited instructions from Park as the rationale.

38. According to some individuals, Manager Park directed their employees not to associate closely with Kim.

39. On February 20, 2024, Ms. Kim was called in for a meeting with the manager Park and the BML's president, Jason Park. During the conference, they informed her that Choi had denied all her allegations, and without evidence of the incident, they were not willing to terminate his employment. Furthermore, they emphasized that Choi was in charge of the kitchen and directed her to cooperate with him if she wished to retain her position at Woori Mart. They warned that failure to do so would result in her termination alongside Choi. Additionally, they threatened to shut down the restaurant altogether.

40. On the day in question, Jason Park acknowledged that Choi drank alcohol daily, but stated that he opted to stay silent and overlook the incident. He further remarked that he had no option and was unable to intervene on her behalf.

41. Ms. Kim found it impossible to continue working with Choi. However, defendants' proposed solution was to terminate both of their employment.

42. As a result, Ms. Kim resigned the work on February 21, 2024.

43. Defendant's disregard and failure to take any meaningful action even after plaintiff's report and plea to protect her from Choi's sexual harassment made the Plaintiff forced her to resign from her position and she has been suffering from emotional distress ever since.

## COUNT I.
**(Violations of the Fair Labor Standards Act-Failure to Pay Overtime)**

44. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which She is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

46. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of her unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 USC § 216(b).

47. Defendants' failure to pay Plaintiff her overtime pay violated the FLSA.

48. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff or all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(I) and 215(a).

49. The FLSA and supporting regulations required employers to notify employees of employment law to require employers to notify employment law requirements. 29 C.F.R. § 516.4.

50. Defendants willfully and maliciously failed to notify Plaintiff of the requirements of the employment laws in order to facilitate her exploitation of Plaintiff's labor.

51. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time

7

and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT II.
### (Violation of New Jersey Wage and Hour Law-Failure to Pay Overtime)

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. An employer who fails to pay their employees' wages shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to two hundred percent (200%) thereafter under New Jersey Wage and Hour Law, 34:11-56, 58.

54. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff.

55. Defendants' failure to pay Plaintiff her overtime pay violated the NJWHL.

56. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT III
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Sexual harassment/discrimination; [2] Hostile Work Environment; and [3] Retaliation)

57. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58. Throughout the Plaintiff's tenure at the Defendants' company, she endured sexual harassment, discrimination, and retaliation. These actions created a hostile work environment characterized by unequal treatment, discriminatory remarks, unjust disciplinary measures, threats of termination, and disrespectful treatment, all stemming from her report of sexual harassment.

59. Upon Plaintiff's report of the sexual harassment she experienced at the company, instead of conducting a thorough investigation and taking appropriate measures against the perpetrator, the company not only failed to separate the victim and the perpetrator but also threatened to terminate her if she did not continue working together.

60. The company neglected to follow proper procedures for the victim and, instead, portrayed the Plaintiff as the troublemaker, isolating her within the company.

61. The Plaintiff could no longer work in the confined kitchen space with the perpetrator and had no choice but to resign from the company on February 21. 2024.

62. Plaintiff believes and therefore avers that her sex was a motivating and/or determinative factor in Defendant's discrimination.

63. Plaintiff also believes and therefore avers that she was for engaging in protected activity under Title VII.

64. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

## COUNT IV
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### ([1] Sexual Harassment/Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

65. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

66. Defendants have discriminated against Plaintiff in violation of the New Jersey Law Against Discrimination by subjecting her to disparate treatment because of her sexual orientation, by, inter alia, terminating Plaintiff's employment with the Company.

67. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

68. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT V.
### (Retaliation in Violation of the New Jersey Law Against Discrimination)

69. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

70. Defendants have violated the New Jersey Law Against Discrimination by subjecting Plaintiff to retaliation for her protected complaints and opposition to Choi's discriminatory comments on the basis of race and ethnicity by, inter alia, terminating Plaintiff's employment with the Company.

71. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer monetary and/or economic damages as well as suffer severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

72. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, ent

73. During Plaintiff's employment at WOORI MART, Kim was subjected to sexual harassment while working at WOORI MART.

74. After Plaintiff reported the sexual harassment of her to the Defendants, Defendants started to treat her so badly and retaliated against her.

75. Upon the Plaintiff's report of the sexual harassment she experienced at the company, instead of conducting a thorough investigation and taking appropriate measures against the perpetrator, the company not only failed to separate the victim and the perpetrator but also threatened to terminate her if she did not continue working together.

76. The company neglected to follow proper procedures for the victim and, instead, portrayed the Plaintiff as the troublemaker, isolating her within the company.

77. The Plaintiff could no longer work in the confined kitchen space with the perpetrator and had no choice but to resign from the company on February 21. 2024.

78. Defendants' aiding and omission of Choi's sexual harassment made Plaintiff suffering persistent and intensified.

79. The systematic and pervasive sexual harassment at WOORI MART grocery store continued and Kim continued to be frequently subjected to sexual harassment by the grocery store's male employee until such ongoing harassment culminated in Kim quitting her job.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA, New Jersey Wage and Hour Law, and New Jersey Wage Payment Law;

b. An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c. An award of unpaid overtime wages due under FLSA and New Jersey Wage and Hour Law due Plaintiff plus compensatory and liquidated damages in the amount of two hundred percent (200%);

d. An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay overtime compensation pursuant to 29 U.S.C. §216;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation pursuant to New Jersey Wage and Hour Law;

f. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.Legal and equitable remedies available under Title VII, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial;

g. Legal and equitable remedies available under NJLAD, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial;

h. Costs and expenses of this action, together with reasonable attorneys' fees;

i. Pre-Judgment and post-judgment interest, as provided by law; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: April 22, 2024

      /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com